## Sholfield *against* Zehmer.

Z. devised to the children of his sons and daughters his real estate, and added, " It is my will, that each of my sons and sons-in-law, shall yearly pay for his house five pounds unto my executors, with which they shall pay off ground rents, &c, In such manner, each of my sons and sons-in-law will get about five hundred pounds." *Held,* that the devise vested an estate of inheritance in the sons of the testator.

ERROR to the district court of *Lancaster* county.

Charles G. Zehmer against Nathan C. Sholfield. Ejectment.

Case stated for the opinion of the court.

Antony Zehmer, of the town of Lancaster, being seised in his demesne as of fee of real estate, and possessed of personal estate, did on the 19th day of August 1783, make and publish in writing, his last will and testament, wherein after the usual introductory words, he devised and bequeathed as follows: " First, it is my will, and I do hereby order that all my just debts and funeral expenses shall be paid by my hereafter named executors, out of my estate. Item. I give and bequeath to my wife Sophia, my bed and bedstead in my chamber, with the furniture thereto belonging, to and for her use and own property. And further, I order and give unto my said wife, as and for her widowhood, the right and choice of any of my dwelling places, for her to live in as well as she can during her life, if she remain my widow, excepting the house wherein I now live, and that on account of the distillery, which will be very suitable for my son Henry, in case he should not get better water at the place where he now lives: and further, I give to my said wife,

[Sholfield v. Zehmer.]

the whole use out of my meadow and arable land, during her life, if she remains my widow; but nevertheless, that no more than seven acres thereof shall yearly be sowed, so that the land may not be spoiled.

" Item.  I give and bequeath unto the children of my son Henry Zehmer, and to their heirs and assigns 'forever, this my dwelling house and lot of ground with all the buildings thereon being, together with about seven acres of the land which I have near the said borough, and they shall have the same at the end nearest the said town, between Mr. Zantzinger's land.  And further, I give unto my son's children, my copper stills, which house, buildings, lot, lands, and stills, my said son Henry Zehmer shall have the use and benefit thereof, as well as he can, and how he pleases. Item.  It is further my will, and I order, that my son Henry shall pay unto the children of my daughter Maria Medert, 100 pounds lawful money of Pennsylvania, in gold or silver coin, to each of them an equal share thereof, as soon as it attains the age of twenty-one years or married.  Item.  I give and bequeath unto the children of my daughter Maria Medert, to them, their heirs and assigns forever, the brick dwelling house and lot of ground with the buildings thereon, together with five acres of land which I have nearest the town, and they shall have the same adjoining Lighty's land, and on the other side towards the house, and I also give unto them, the sum of 100 pounds, money of Pennsylvania, gold or silver coin, exclusive of the 100 pounds which my son Henry is to pay them.  Item.  I give unto the children of my son John Zehmer, the dwelling house standing on the land near the town, together with five acres of land with the buildings thereon, adjoining at the one side, land of Charles Zehmer, and at the other side, Henry Zehmer's land, and I also give unto them 100 pounds, money of Pennsylvania, in gold or silver coin.  Item.  I give and bequeath unto the children of my son Charles Zehmer, the house and lot, and buildings on the same, which I have purchased of Mr Shaffner, together with the remaining five acres of land near the town, adjoining on one side Jacob Medert, and on the other side Henry Zehmer, and I also give unto them 200 pounds, Pennsylvania money, in gold or silver coin.

" It is my will, that each of my sons and sons-in-law, shall yearly pay for his house 5 pounds Pennsylvania money, unto my said executors, with which they shall pay off the ground rents, and keep the houses, buildings, and fences in order and repair, as if the same belonged together.  Item.  In such manner, each of my said sons and sons-in-law will get about 500 pounds; but in case my eldest son's share should not quite amount to 500 pounds, then that shall be of no signification for reasons to me known.  But, if any of the other three of my children, should be less, then my said executors shall pay unto them out of my remaining estate, so much as to make them equal to the amount of 500 pounds in the manner

[Sholfield v. Zehmer.]

aforesaid. Item. The money may, for good security, be laid out on interest, to receive the same coin as was given out. The residue, and remainder of my estate, and not herein and before bequeathed, I order that the same shall be equally divided amongst all my children, viz: Henry Zehmer, Maria Medert, John Zehmer, and Charles Zehmer, in peace share alike." Which said will after the death of the testator, to wit, on the 25th day of March 1784, was exhibited in the register's office of Lancaster county, and there, before the register was duly proved and approved, and on the same day letters testamentary were granted by the register to George Musser, one of the executors of the will, *pro ut* the same will, which is made part of this case: That Maria Medert, and Charles Zehmer, two of the children of the said testator, and claiming as devisees under the will aforesaid, together with their mother Sophia, the widow of the said testator, on the 6th day of August 1807, made their deed, framed under the law of Pennsylvania, for docking and barring estates tail, and by the same conveyed to their brother Henry Zehmer, for the purposes aforesaid, all the estate and interest of them Maria and Charles devised to each under the will of their father, declared that their purpose and intention was to dock and bar all estates real under the said will, and convert the same into estates in fee simple, which deed was executed in the court of common pleas of Lancaster county, and recorded in the office for recording deeds in due form of law, *pro ut* the said deed and records which are made a part of this case; and Henry and John Zehmer aforesaid, together with their mother Sophia, on the 18th of January 1806, by a similar deed made to Martin Shreiner, declared their intention to dock and bar all estates tail in the property devised to them and their children by the said will, *pro ut* the records of the said deed. On the 24th day of November 1784, the executor of Antony Zehmer's will, exhibited into the register's office, the inventory of the personal estates of the testator, and on the 1st day of July 1794, he also exhibited into the register's office, his administration account upon the testator's estate, *pro ut* the same which are made a part of this case. That Antony Zehmer when he made his will, and at the time of his death, had issue by his wife, four children living, viz: Henry, born September 13th, 1755; Mary or Maria, born February 23d, 1761; John, born April 7th, 1764; Charles, born March 13th, 1775; John Zehmer, died February 6th, 1806; and Henry Zehmer, died May 20th, 1810; and Charles Zehmer in 1827, and Maria in

Henry and Maria had each lawful issue in 1783, when their father's will was made, some of whom, of each stock are still living. That Sophia Zehmer, the widow of the testator, died in October 1808, first having made her last will and testament, *pro ut* the same, together with the inventory and account of her estate. That on the 28th of March 1810, Henry Zehmer made his last will and testament, *pro ut* the same, which is made part of this case.

[Sholfield v. Zehmer.]

That on the 12th day of March 1826, Charles Zehmer, aforesaid, made his last will and testament in writing, in due form of law, to pass real estate in Pennsylvania, and therein (*inter alia*) did devise to his son Charles Zehmer, all his real estate, which said will, after the death of the testator, to wit, on the 14th day of November 1827, was in the court of the county of Chesterfield, Virginia, exhibited, and then, and there, in due form, proved and committed to record in the said court, *pro ut* the exemplification of the said will, and the proceedings thereon, all which are made part of this case; that Charles Zehmer, the son and devisee of Charles Zehmer, as aforesaid, is the plaintiff in this case. The lot, to recover which, this suit has been instituted, is the same described in the will of Antony Zehmer, as devised to Charles Zehmer or his children. That Henry, Maria, John and Charles, the children of Antony Zehmer, severally entered upon the real estate, claimed by each, under the several devises in their father's will, and was in possession thereof, from 1784, until the time of the death of each; Charles Zehmer, being in possession of the lot described in the record of this suit. John Zehmer and Charles Zehmer, aforesaid, lived and died single and unmarried, and without lawful issue. That the testator, Antony Zehmer, died on the 2d day of October 1783, at sea, on his passage to Europe.

The defendant denies the right of the plaintiff to recover; averring that the title and right of possession, are in the heirs at law of Antony Zehmer, deceased, and who claim the same, as such heirs, and under the will of said deceased.

From the matters stated in the above case, if the court should be of opinion, that the plaintiff is entitled to recover the lot and premises mentioned, or any part thereof, judgment to be rendered in his favor accordingly; and if otherwise, judgment to be rendered for defendant. This case to be considered in the nature of a special verdict, and either party to be at liberty to take a writ of error.

The court below (Hayes, president) rendered the following judgment:

" If Charles Zehmer took either an estate tail or fee simple, the plaintiff (on the case stated) is entitled to recover, and as, upon the whole will, I am of the opinion, that he took one or the other, let there be judgment in favour of the plaintiff for the lot and premises, for which the present action of ejectment has been brought."

Error assigned.

The judgment of the district court ought to have been rendered in favour of the defendant.

*Montgomery*, for plaintiff in error, cited *Cruise's Dig.* 38, *ch.* 11, *pl.* 48, p. 193, 276; 2 *Binn.* 13, 455; 3 *Serg. & Rawle* 476;

4 *Watts* 89; *Pow. on Dev.* 409, 413; 14 *Serg. & Rawle* 89; 1 *Watts* 466; 1 *Yeates* 497; 9 *Serg & Rawle* 434.

*Norris*, for defendant in error, cited 6 *T. Rep.* 16; 2 *Bl. Rep.* 698; *Comyn's Rep.* 372; *Willis* 369; 4 *Bac. Abr.* 282; 2 *Yeates* 408; 5 *Mass.* 500; 9 *Serg. & Rawle* 434; 4 *Bac. Abr.* 250; 6 *Johns.* 185; 18 *Johns.* 31; 3 *Serg. & Rawle* 356; 5 *T. Rep.* 13; 6 *Cruise's Dig.* 255; 4 *Show. Rep.* 38; 2 *Stark.* 16, 17; 3 *Serg. & Rawle* 327; 1 *Ch. Ca.* 84; 1 *Pr. Wms.* 723; 2 *Atk.* 587; 1 *Atk.* 2; 1 *Vern.* 19; 1 *Bro. Ch.* 22, 396; 1 *Swans.* 297.

PER CURIAM.—The case of Hayes *v.* Foorde, 2 *Black. Rep.* 698, rules the present. It was held that a devise to heirs male of a father, enlarges a devise for life to the father, and makes it a fee tail. Here the devise was not to heirs male but to children; but as the father had no children born, to take along with him as co-tenants for life, the word children is to be taken as a word of limitation, and as equivalent to issue. There, as here, it was doubtful, on the direct words of the devise, whether an estate had been given to the father; but the doubt was removed by a schedule annexed to the will, which showed a clear intent to give it. All the devises in the will before us, are to the children of the testator's children, the premises in contest being given to the children of his son Charles, who, at the time of the devise, was childless; to which, however, was subjoined a direction, that each of his sons, and sons-in-law, should pay five pounds to the executors for " *his* house" to pay quit rents, and keep the premises in repair; by which he estimated that each of his sons and sons-in-law would get 500 pounds. This shows an intention at least as strong as in Hayes *v.* Foorde, to give Charles an estate for life, which, by the addition of words of further limitation, must be enlarged to an estate of inheritance, in order to give effect to the principal intent, and whether it were fee simple or fee tail, is immaterial, either of which is sufficient to maintain the plaintiff's case.